Opinion filed August 31, 2006 

















 
 
  
 
 







 
 
  
 
 




Opinion filed August 31, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00154-CR 

                                                    __________

 

                                  PATRICIA B. THOMAS, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 411th District Court

                                                     San
 Jacinto County, Texas

                                                     Trial
Court Cause No. 9208

 



 

                                                                   O
P I N I O N

The jury
convicted Patricia B. Thomas of manufacturing methamphetamine.  The trial court assessed her punishment at
confinement for eight years.  Sentence
was imposed in open court on March 27, 2006. 
A motion for new trial was not filed. 
On May 24, 2006, appellant filed a notice of appeal from the Ajudgment of conviction.@  We
dismiss the appeal for want of jurisdiction.

Tex. R. App. P. 26.2 provides that, for
a defendant to timely perfect an appeal, a proper notice of appeal must be
filed within thirty days after the date the sentence is imposed in open
court.  An appellate court may extend the
time for perfecting an appeal provided that, within fifteen days after the
deadline for filing the notice of appeal, the defendant files the notice of
appeal with the clerk of the trial court and files a motion for extension of
time with the clerk of the appellate court. 
Tex. R. App. P. 26.3; Olivo v. State,
918 S.W.2d 519 (Tex. Crim. App. 1996).








In the present case, the notice of appeal was due
to be filed on or before April 26, 2006, thirty days after the date the
sentence was imposed.  To extend the time
for perfection of the appeal pursuant to Texas law, both the notice of appeal
and the motion requesting an extension were due to be filed on or before May
11, 2006, fifteen days after April 26, 2006.

On May 12, 2006, appellant filed a motion for
extension with the Beaumont Court of Appeals. 
The Beaumont Court
granted the motion in an order dated May 25, 2006, stating that, because the
motion was timely mailed under Tex. R.
App. P. 9.2(b), the motion was granted and the due date for the notice
of appeal was extended until May 11, 2006, pursuant to Rule 26.3.  The appeal was subsequently transferred to
this court.

On July 24, 2006, the clerk=s
record was received in this court.  The
notice of appeal in the record is file marked by the clerk of the trial court
on May 24, 2006, fifty-eight days after the date the  sentence was imposed.  The clerk of this court notified the parties
in writing that it appeared that an appeal had not been timely perfected and
that the appeal would be subject to dismissal for want of jurisdiction unless
appellant responded within fifteen days showing grounds for continuing the
appeal.  

Appellant has responded by filing a motion to show
cause why this appeal should not be dismissed for lack of jurisdiction.  In her motion, appellant contends that her
notice of appeal was filed within thirty days from the trial court=s May 15, 2006, order placing her on
shock probation.  However, the May 15
order is not an appealable order.

Absent a timely notice of appeal or compliance
with Rule 26.3, this court lacks jurisdiction to entertain an appeal.  Slaton v. State, 981 S.W.2d 208 (Tex.
Crim. App. 1998); Olivo, 918 S.W.2d 519; Rodarte v. State, 860
S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex.
Crim. App. 1988).  Appellant may be able
to secure an out-of-time appeal by filing a post-conviction writ pursuant to Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).

Therefore, this appeal is dismissed for want of
jurisdiction.

 

PER CURIAM

August 31, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.